UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STANLEY BURRELL,
                          Petitioner,

                          **MEMORANDUM & ORDER**

-against-

                          06 CV 6636

UNITED STATES OF AMERICA,
                          Respondent.
-----------------------------------------------------------X
DEARIE, Chief Judge.

      Petitioner, pro se, challenges his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below and in the government's letter in opposition, petitioner's motion is denied, and the petition is dismissed.

      In February 1999, following a jury trial before Judge Eugene H. Nickerson, petitioner was convicted of narcotics conspiracy and of being the organizer of a continuing criminal enterprise ("CCE"). In April 2000, he was sentenced to two consecutive sentences of life imprisonment. On appeal, the Second Circuit affirmed petitioner's CCE conviction and sentence and dismissed the conspiracy conviction. United States v. Burrell, 289 F.3d 220, 226 (2d Cir. 2002). On March 24, 2003, petitioner's untimely application for a writ of certiorari was denied.

      The case was remanded to this Court, United States v. Burrell, 43 Fed.Appx. 403, 408 (2d Cir. 2002), and on March 29, 2005, this Court directed the entry of an amended judgment to reflect the dismissal of the conspiracy count. By letter dated April 14, 2005, filed in this Court, petitioner challenged the sentence imposed on the CCE conviction under United States v. Booker, 543 U.S. 220 (2005). Petitioner also filed an appeal of the amended judgment, raising a Booker claim. The Second Circuit held that for purposes of retroactive application of new constitutional rules, petitioner's conviction became final either when the Supreme Court denied

his untimely petition for a writ of certiorari or when his time for filing for certiorari expired. United States v. Burrell, 467 F.3d 160, 166 (2d Cir. 2006). As noted by the Court, even assuming petitioner's conviction "became final on the latest possible date—when the Supreme Court denied his untimely petition on March 24, 2003—Burrell's case had already become final before Booker was decided." Id. at 167.

By letter dated November 15, 2006, petitioner asked this Court to construe his April 15, 2005 letter as a petition pursuant to 28 U.S.C. § 2255. Petitioner further requested that the petition be held in abeyance pending the Supreme Court's decision in Burton v. Stewart, 127 S.Ct. 793 (2007). Burton was decided without addressing the issue of the retroactive application of Booker on collateral review.

Second Circuit precedent is clear that Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005). As the Second Circuit noted in rejecting petitioner's appeal, petitioner's "conviction was final as of March 24, 2003, at the latest." Burrell, 467 F.3d at 170. Accordingly, petitioner is not entitled to relief.

Petitioner's motion is denied, and the petition is dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
August /_, 2007

s/ Judge Raymond J. Dearie

--------------------------------
RAYMOND J. DEARIE
United States District Judge

2